**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINNEKE PUSPASARI, | No. 10-73381 |
| Petitioner, | |
| v. | Agency No. A099-724-948 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Linneke Puspasari, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's past persecution finding, because Puspasari's experiences in Indonesia, including the attack on her workplace during the May 1998 riots and the robbery of her purse in 2006, even considered cumulatively, do not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (two beatings and robberies, and being accosted by a hostile mob did not compel a finding of past persecution). Substantial evidence also supports the BIA's conclusion that Puspasari, as an ethnic Chinese, Christian woman, failed to demonstrate sufficient individualized risk of harm under a disfavored group analysis to establish a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show individual risk of harm where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"). Further, substantial evidence supports the BIA's conclusion that Puspasari failed to demonstrate a well-founded fear of persecution on account of membership in her claimed social group of ethnic Chinese, Christian women with a United States born citizen child. *See Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir. 2006) (petitioner must provide credible,

direct, and specific evidence in the record of facts that would support a reasonable fear of persecution). Finally, we reject Puspasari's contention that this case should be remanded under *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), because the BIA considered this case in analyzing her claims. Accordingly, Puspasari's asylum claim fails.

Because Puspasari failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Lastly, substantial evidence supports the BIA's conclusion Puspasari has not established it is more likely than not she will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1068. Accordingly, her CAT claim fails.

**PETITION FOR REVIEW DENIED.**